IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DEBBIE SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-0585-CV-W-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING ALJ'S DECISION

Plaintiff Debbie Saunders seeks judicial review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq*. Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g).

Plaintiff, a fifty-one-year-old woman, alleges she became disabled as of March 9, 2008. After independent review of the record, carefully considering the arguments set forth by the parties, the Court finds the Commissioner's decision denying disability benefits is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are

supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the record supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for benefits, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. 404.1520(a)-(f) and 416.920(a).

At Plaintiff's hearing, the administrative law judge ("ALJ") found that Plaintiff suffers from the following severe impairments: post laminectomy syndrome, status post lumbar fusion; chronic nonradicular back pain; possible fibromyalgia; and status post gastric bypass. However,

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

despite these impairments, the ALJ found that Plaintiff could perform sedentary work with additional restrictions, and therefore, was not disabled.

Plaintiff argues: (1) the ALJ erred by not addressing all Plaintiff's severe medically determinable impairments; (2) the ALJ did not properly assess Plaintiff's RFC; and (3) the ALJ improperly relied upon the Grid rules in making his determination regarding Plaintiff's disability.

**A. Substantial evidence on the record supports the ALJ's findings regarding Saunder's severe impairments.**

The ALJ found that Plaintiff had the severe impairments of post laminectomy syndrome, status post lumbar fusion; chronic nonradicular back pain; possible fibromyalgia; and status post gastric bypass. The ALJ also found that Plaintiff has non-severe depression. Saunders argues, however, that the ALJ erred in finding Plaintiff's depression non-severe and in failing to make specific severity findings with regard to Plaintiff's carpal tunnel syndrome and tennis elbow.

In order to meet the threshold severity requirement at step two, a claimant must show (1) she has an impairment or combination of impairments which (2) significantly limits her physical or mental ability to perform basic work activities[2] without regard to age, education, or work experience. 20 C.F.R. §§ 404.1520(c), 404.1521(a). As the 8th Circuit has observed, "Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard, and we have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing." *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007) (internal citation omitted).

---

[2] Basic work activities include physical functions such as walking, sitting, and lifting; mental functions such as understanding, performing, and remembering simple instructions; using judgment; and dealing with changes in a routine work situation. 20 C.F.R. § 404.1521(b).

3

Plaintiff's allegation that the ALJ improperly found her depression to be non-severe is without merit. In making this determination, the ALJ properly considered all the medical evidence regarding Plaintiff's depression. In rating the degree of Plaintiff's functional limitations, the ALJ specifically addressed each of the four broad functional areas from the "B Criteria" of the Psychiatric Review Technique Form. *See* 20 C.F.R. § 404.1520a(c)(3); R. at 15-16. In considering Plaintiff's daily living activities, for example, including attention to personal hygiene, handling of personal finances, weekly grocery shopping, simple meal preparation, and completion of household chores, the ALJ found no limitations. R. at 15, 30, 130-32. With regard to social functioning, the ALJ found only mild limitations. R. at 15. Plaintiff also had mild limitations in concentration, persistence, and pace. For example, she could read and watch a two-hour movie. R. at 15, 132. Finally, the ALJ found that the record contained no evidence of episodes of decompensation. R. at 15. Thus, the ALJ properly rated Plaintiff's functional limitations and determined that her depression was non-severe.

Plaintiff also argues that the ALJ erred in not making specific severity findings regarding her alleged carpal tunnel syndrome and tennis elbow. For a plaintiff to prove the existence of a medically determinable impairment, she must show the following:

> *Need for medically determinable impairment that could reasonably be expected to produce your symptoms, such as pain.* Your symptoms, such as pain, fatigue, shortness of breath, weakness, or nervousness, will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present. Medical signs and laboratory findings, established by medically acceptable clinical or laboratory diagnostic techniques, must show the existence of a medical impairment(s) which results from anatomical physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 404.1529(b). Thus, the existence of a medically determinable impairment must be based upon the medical evidence of record. Only after a claimant proves the existence of such a

medically determinable impairment is the ALJ required to evaluate the intensity and persistence of the symptoms and how that affects a claimant's capacity to work. *See* 20 C.F.R. § 404.1529(c).

It is Plaintiff's burden to produce medical evidence to support her allegations of disability. 20 C.F.R. § 404.1512(c). Here, there is no medical evidence that Plaintiff had either carpal tunnel syndrome or tennis elbow. In fact, physical examinations indicated full strength in her upper extremities and normal range of motion in her wrist and elbows. R. at 456, 458-59, 478. In addition, Plaintiff had no nerve conduction studies or electromyography to diagnose carpal tunnel syndrome. Although Plaintiff was wearing arm and wrist braces at the administrative hearing, there was no prescription or recommendation for such devices in the record. In addition, Dr. Conway noted that Plaintiff's reported symptoms were "atypical for carpal tunnel syndrome." R. at 456.

The ALJ does have a duty to fully and fairly develop a reasonably complete record. *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000). However, reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). Here, the ALJ had no duty to develop the record further regarding Plaintiff's impairments because the record contained multiple examinations and medical evaluations of Plaintiff's wrist and elbows. Just because these examinations show no objective evidence of carpal tunnel or tennis elbow does not mean that the record is underdeveloped. Accordingly, the Court finds that Plaintiff has offered no evidence of significant limitations in her ability to perform basic work activities due to depression, nor does the record contain objective medical evidence of carpal tunnel or tennis elbow requiring the ALJ to determine whether these were severe impairments.

5

Case 4:11-cv-00585-DGK   Document 12   Filed 06/06/12   Page 5 of 7

## B. Substantial evidence of record supports the ALJ's RFC finding.

Plaintiff next argues that the ALJ's RFC finding is not supported by substantial evidence of record because it fails to include Plaintiff's limitations from her carpal tunnel syndrome, tennis elbow, and depression. However, as discussed above, Plaintiff did not set forth evidence of any limitations from her carpal tunnel or tennis elbow, and the ALJ properly found her depression to be non-severe. As required by agency regulations, the ALJ properly considered all symptoms and the extent to which these symptoms "can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. § 404.1529(a); SSR 96-4p.

Additionally, Plaintiff argues that the limitations in her RFC are inconsistent with the statement of Dr. Jost who noted that Plaintiff has chronic back pain and fibromyalgia. However, as the ALJ noted in his opinion, Dr. Jost also found that Plaintiff had normal joints, with good range of motion and well-maintained flexion-extension of her back. Thus, the ALJ incorporated all impairments and restrictions that he found credible and properly determined that Plaintiff has the RFC to perform a range of sedentary work with certain restrictions. R. at 33-37. Accordingly, the Court upholds the ALJ's determination of Plaintiff's RFC, finding that the ALJ's determination was based on substantial evidence of record and properly included only Plaintiff's credible limitations. *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010).

## C. The ALJ properly determined that Plaintiff could perform jobs that exist in significant number in the national economy.

Plaintiff's final argument is that the ALJ improperly relied on the Medical Vocational Guidelines ("Grid") in making his determination that Plaintiff could perform work that exists in significant number in the national economy. Specifically, Plaintiff notes that the ALJ should have produced vocational expert testimony and not relied wholly on the Grid where, as here, the

6

claimant has both exertional and non-exertional impairments.  *See Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992).

Here, the ALJ properly formulated Plaintiff's RFC and properly relied on Grid Rule 201.21 to find that Plaintiff was not disabled and could perform a full range of sedentary work. However, in addition to the limitation to sedentary work, the ALJ determined Plaintiff could stoop only occasionally; never climb ladders, ropes, or scaffolds; and should avoid concentrated exposure to extreme cold, vibrations, and hazards.  R. at 18.  The ALJ then examined each of these limitations to determine whether it significantly impacted sedentary occupation under Social Security Rulings 85-15 and 96-9p.  After determining that Plaintiff's credible limitations did not significantly compromise her ability to perform a full range of sedentary work, he properly relied on the Grid, without the testimony of a vocational expert.  *See Thompson v. Astrue*, 226 Fed. Appx. 617, 621 (8th Cir. 2007) (finding that the Commissioner may rely on the Grids if "the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines.").  Thus, the ALJ's determination that Plaintiff can perform work as it exists in significant number in the national economy is without error.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record.  Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  June 6, 2012                                  /s/ Greg Kays
                                                             GREG KAYS, JUDGE
                                                             UNITED STATES DISTRICT COURT